638:36 LR.

## RYAN v. MEYER.

FRAUDULENT CONVEYANCES—HOMESTEAD—HUSBAND AND WIFE.
Property conveyed by a husband to his wife is properly subjected to execution against him, although the husband was indebted to the wife, where the value of the property so conveyed, together with a mortgage received by her on the transfer of other property, exceeds the indebtedness to the wife and the homestead valuation to an amount substantially equaling the execution debt.

Appeal from Isabella; Dodds, J. Submitted January 17, 1896. Decided March 24, 1896.

Bill by John F. Ryan against Alexander Meyer and others in aid of execution. From a decree for complainant, defendants appeal. Affirmed.

*Francis H. Dodds*, for complainant.

*Fancher & Sangster*, for defendants.

MONTGOMERY, J. This is a bill in aid of execution. After the indebtedness to complainant was incurred, and before execution was issued, defendant Alexander Meyer conveyed to his wife, Rosana, 120 acres of land. At the same date he conveyed to George Walter another 40 acres

of land, and transferred to him personal property. The transactions with Walter are not directly involved, except as matter of evidence bearing on good faith. The defendants set up that in 1871 defendant Rosana Meyer advanced to her husband $1,200, which was invested in land in Ohio; that this land was sold two years later, and another piece of land bought, which, after three years more, was traded for the land in suit and $1,400 in money; that the deed to this last-mentioned piece of property was taken in the name of Alexander Meyer with the express understanding and agreement that the said Rosana Meyer was to have $3,000, with interest thereon, on request. It should be stated that the two descriptions of land held at different times in Ohio were in the name of Alexander Meyer. We are convinced by the testimony that there never was any such agreement to repay Rosana Meyer $3,000, with interest, as set up in the answer, or to pay any other sum than the $1,200 with interest; and this conclusion is based upon the testimony of Alexander Meyer himself and the admissions of Mrs. Meyer. We are also convinced that the transactions were not in good faith. The farm was fairly worth at least $5,000, as we find from the testimony. If we treat the advance of $1,200 as a lien, it would amount, with interest, at the date of the transfer, to $2,856. There was a mortgage of $600 on the place, leaving an excess over indebtedness of about $1,600. Defendants contend that the homestead might have been transferred, and that creditors could not complain. This homestead claim is not set up in the answer, and, if it is to be treated as within the issue, the entire transaction occurring at the same time ought to be considered; and, from the testimony of George Walter, it appears that on the occasion of the transfer of the property to him, made at the same time, he executed to defendant Rosana a mortgage for $500, which, with the excess in this property over the homestead valuation and what was in fact due Rosana, would substantially equal the claim of complainant.

We think the purpose of placing this property beyond the reach of creditors was the moving cause of the transfer, and that the circuit judge was right in subjecting the property to complainant's levy.

The decree will be affirmed, with costs.

The other Justices concurred.