SMEAD *v.* ROGERS.

APPEAL—DECREE ON CONFLICTING EVIDENCE—FRAUDULENT CON-
VEYANCE.

The Supreme Court will not reverse a decree setting aside a
conveyance as in fraud of creditors, where the evidence is
conflicting, unless it is clearly against the weight of the
evidence.

Appeal from Lenawee; Chester, J.   Submitted May 4,.
1899.   Decided June 19, 1899.

Bill by George A. Smead against Charles E. Rogers,
Roye M. Rogers, and Emma L. Rogers in aid of execu-
tion.   From a decree for complainant, defendants appeal.
Affirmed.

*John A. Riley* and *Watts, Bean & Smith,* for com-
plainant.

*Salsbury & O'Mealey,* for defendants.

MONTGOMERY, J.   This is a bill filed in aid of execu-
tion at law.   Prior to the 23d day of January, 1893,
Charles E. and Emma L. Rogers were owners, as tenants
of the entirety, of an undivided half of the property in
question, which consists of a canning plant and machinery
in the village of Blissfield, under a conveyance of record.
Albert S. Bush and wife were the owners of the other
moiety.   Mr. Rogers and Mr. Bush were engaged in the
business of canning fruits and vegetables.   On the date
above stated, Bush and wife conveyed the undivided half
of the premises to Roye M. Rogers, the son of Charles E.
and Emma L., and they thereafter conducted the busi-
ness.   On the 7th day of January, 1897, the complainant
commenced a suit by attachment against Charles E. and
Roye M. Rogers, and caused the attachment to be levied

on the property in question on that day.  On July 7, 1897, judgment was recovered in the sum of $2,255.56, and execution was afterwards duly taken out, and a levy duly made.  In the meantime, on January 8th, the day following the attachment, a deed from Charles E. and Roye M. Rogers to Emma L. Rogers, bearing date of November 30, 1894, was placed of record.  This bill was filed to have it declared that this deed is fraudulent as to the complainant.  The circuit judge granted the relief, and defendants appeal.

Under the statute (Act No. 99, Pub. Acts 1897), the burden of proof rests with the defendant Emma L. Rogers to establish the *bona fides* of the transaction. The question for our decision is whether she has met this burden, and established the *bona fides*.  The circuit judge had the advantage of seeing the witnesses and noting their appearance on the stand, and we should proceed reluctantly to reverse his decision on a question of this nature, although it is our duty to do so if fairly convinced of his error.  A thorough examination of this record has failed to satisfy us that the conclusion of the circuit judge was not warranted.  On the contrary, there are many circumstances which impress us as persuasive, and which tend to show a purpose to withhold this conveyance from record, with a full knowledge that the effect would be to give a false credit to the grantors.  There is credible testimony that the title of Charles E. and Roye M. to this property was asserted by the defendant Roye M. in the presence of his mother, and not denied by her.  There is a marked conflict in the testimony as to how the alleged consideration was paid.  It is beyond doubt that the defendant Emma must have known that her husband and son were incurring indebtedness, and, in addition to this, the alleged consideration is grossly inadequate.  The conclusion that there was a fraudulent purpose is, in our opinion, justified. *Ryan* v. *Meyer*, 108 Mich. 638; *Township of Maple Valley* v. *Foley*, 113 Mich. 622; *Preston Nat. Bank* v. *Pierson*, 112 Mich. 435.  The case is distinguishable from

*Barkworth* v. *Palmer*, 118 Mich. 50.  In that case there was no proof of actual fraud.

The decree does not by its terms subject.the undivided half of the property held by Mr. and Mrs. Rogers as tenants of the entirety to complainant's execution, and in this respect it is entirely proper, as the conveyance was promptly placed of record when made, and long before complainant's rights accrued.

The decree is affirmed, with costs.

The other Justices concurred.